UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KEVIN RUSSELL COBBS
Plaintiff,

v.

SHERIFF CHRIS WEST, in his official capacity;
UNDERSHERIFF KEVIN WARD, in his official capacity;
MAJOR KRISTIE CARTER, in her official capacity;
CAPTAIN TRACEY BURTON, in his official capacity;
CANADIAN COUNTY, OKLAHOMA,

Defendants.

Civil Action No.: CIV-26-191-SLP

FILED
FEB 05 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(42 U.S.C. § 1983)

### I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this District because the events giving rise to these claims occurred within the Western District of Oklahoma.

### II. PARTIES

Plaintiff KEVIN RUSSELL COBBS is a pretrial detainee confined at the Canadian County Jail in El Reno, Oklahoma, during the period relevant to this complaint.

At all relevant times, Defendant Sheriff Chris West was the final policymaker for the Canadian County Jail. Defendants Undersheriff Kevin Ward, Major Kristie Carter, and Captain Tracey Burton were senior supervisory officials responsible for implementing, enforcing, and maintaining the jail's policies, practices, and customs governing detainee housing, classification, and conditions of confinement. Defendant Canadian County is liable for these policies and customs through its policymakers. Defendants are sued in their official capacities only.

### III. FACTUAL ALLEGATIONS

Plaintiff is subjected to extreme and prolonged confinement in a small cell for the vast majority of each week—approximately [165] hours per week—with little to no meaningful opportunity for out-of-cell exercise, movement, or outdoor access. These

conditions are imposed pursuant to facility-wide policies and customs, not for disciplinary reasons, but as a matter of routine jail operation.

These conditions are ongoing, apply broadly to similarly situated pretrial detainees, and are not reasonably related to any legitimate governmental objective. They amount to punishment of a pretrial detainee in violation of the Fourteenth Amendment.

### COUNT I – Unconstitutional Conditions of Confinement (Fourteenth Amendment)

Defendants, through their policies, customs, and practices, have subjected Plaintiff to unconstitutional conditions of confinement, including extreme isolation, denial of meaningful exercise, and lack of outdoor access, in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

Plaintiff was subjected to punitive and inhumane conditions identical to those used for disciplinary segregation, constituting unlawful punishment of a pretrial detainee in violation of the Fourteenth Amendment, as recognized in Bell v. Wolfish (1979) and Ramos v. Lamm (10th Cir. 1980).

### COUNT II – Municipal Liability (Monell)

The unconstitutional conditions described herein are the result of official policies, longstanding customs, and deliberate decisions by county policymakers, including the automatic housing and classification of pretrial detainees together with sentenced and punitive inmates, subjecting pretrial detainees to the same restrictive conditions, rules, and punishments imposed on convicted inmates. Defendants acted with deliberate indifference to the known and obvious risk of constitutional injury.

## IV. INJURIES

As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer physical pain, mental anguish, emotional distress, and an increased risk of long-term psychological harm.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:
A. Declare that Defendants' policies and practices violate the Constitution;
B. Issue injunctive relief prohibiting the continuation of unconstitutional conditions;
C. Award compensatory damages in an amount to be determined by the Court;
D. Award costs and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kevin Cobbs* 2/2/26
KEVIN RUSSELL COBBS
Plaintiff, Pro Se
Booking No.: 249707
Canadian County Jail, El Reno, Oklahoma
Date: 2/2/26