**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEVIN RUSSELL COBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-191-SLP** |
| | ) | |
| **CHRIS WEST, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se and in forma pauperis, filed a complaint and an amended complaint pursuant to 42 U.S.C. § 1983, asserting violations of his civil rights while in custody. The amended complaint, Doc. 6, is the operative complaint. Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).

Defendants filed a Motion to Quash Service, Doc. 22, to which Plaintiff did not respond. For the reasons set forth below, the undersigned recommends the Court grant in part the Motion to Quash Service as to the individual Defendants. The undersigned further recommends dismissing Defendant Canadian County. Finally, the Court should deny as moot Defendants' Motion to Deem Their Motion to Quash Service Confessed, Doc. 23.

## I. Legal standards regarding service

Sufficiency of service affects a court's ability to exercise personal jurisdiction over a defendant. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (citation

modified)). A defendant may challenge sufficiency of service under Federal Rule of Civil Procedure 12(b)(4) and/or (5). Here, Defendants bring their Motion to Quash Service under Federal Rule of Civil Procedure 12(b)(4) and (5). Doc. 22 at 1 n.1.

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *2 n.3 (10th Cir. June 26, 2023) (quoting Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353). As such, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.* (quoting Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353). Accordingly, a Rule 12(b)(4) motion challenges the substance of a summons, without considering its service. To be sufficient, a summons must be served with a copy of the complaint, "name the court and the parties," and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A)-(B), (c)(1).

A Rule 12(b)(5) motion, on the other hand, addresses ineffective service by challenging "the mode of delivery or the lack of delivery of the summons and complaint." *Gray v. GEO Grp. Inc.*, No. CIV-17-0137-F, 2019 WL 948041, at *1 (W.D. Okla. Jan. 24, 2019) (quoting Wright & Miller, 5B Federal Practice and Procedure § 1353) (R&R), *adopted*, 2019 WL 948031 (W.D. Okla. Feb. 26, 2019). "Service is insufficient when a party serves the wrong person or an individual not permitted to accept service for the defendant." *Woodson v. Bd. of Cnty. Comm'rs of Okla. Cnty.*, No. CIV-24-681-JD, 2025 WL 1840823, at *1 (W.D. Okla. Feb. 14, 2025) (R&R), *adopted,* 2025 WL 1840682 (W.D. Okla. July 3, 2025).

Additionally, as with a Rule 12(b)(1) motion, a court may consider affidavits, other documents, or conduct an evidentiary hearing to resolve factual disputes. Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353. And in opposing a challenge to service, the plaintiff bears the burden "of establishing the validity of the service of process." *Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Finally, when addressing a Rule 12(b)(4) or (5) motion, "a district court has the discretion to determine whether to dismiss or quash." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353.

## II. <u>Discussion</u>

### A. Defendants Chris West, Kevin Ward, Kristie Carter, and Tracey Burton

#### 1. Service on Defendants in their official capacities

Plaintiff sues Defendant Chris West in his official capacity as Sheriff of Canadian County; Defendant Kevin Ward in his official capacity as Undersheriff of Canadian County; Defendant Kristie Carter in her official capacity as a Major at the Canadian County Jail; and Defendant Tracey Burton in his official capacity as a Captain at the Canadian County Jail. Doc. 6 at 5-6.[1] Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation modified). As such, Plaintiff's official-capacity claims against these Defendants are the equivalent of claims against Canadian County. *See, e.g., Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 n.2

---

[1] Plaintiff spells Defendant Burton's name "Tracey Burton," while Defendants spell it "Tracy Barton." The undersigned uses Plaintiff's spelling,

(10th Cir. 1998) ("A section 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." (citation modified)).

Therefore, to effect proper service on these Defendants in their official capacities, Plaintiff was required to effect service on them in the same manner required for service on Canadian County. *See Johnson v. Marlar*, 807 F. App'x 791, 796 (10th Cir. 2020) ("The process for serving [a state employee] in his official capacity is the same as that against the state."); *Fuller v. Kansas Dep't of Children & Families*, No. 16-2415, 2018 WL 1412063, at *2 (D. Kan. Mar. 21, 2018) ("[The] plaintiff must serve the government officials in their official capacity in a fashion authorized by the Federal Rules or state law for serving a governmental entity"). Under the Federal Rules of Civil Procedure, governmental entities may be properly served if a copy of the summons and complaint are delivered (1) to the chief executive officer of the entity or (2) according to state law. Fed. R. Civ. P. 4(j)(2). Under Oklahoma state law, a county is properly served if a copy of the summons and complaint are delivered to "the officer or individual designated by specific statute," Okla. Stat. tit. 12, § 2004(C)(1)(c)(5), who is "the county clerk as the clerk of the board of county commissioners," Okla. Stat. tit. 19, § 5.

Here, however, the record indicates the summons and complaint were delivered to "admin lady at Sheriff Office." Doc. 18 at 2 (for Defendant Burton), 3 (for Defendant Ward), 4 (for Defendant West), 5 (for Defendant Carter). It is Plaintiff's burden to demonstrate proper service and he has not done so here. Accordingly, Plaintiff's attempted

service upon Defendants West, Ward, Carter, and Burton should be quashed under Rule 12(b)(5).[2]

**2. Additional time for service**

"When a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citation modified). Motions under Rule 12(b)(5) offer a district court the option of quashing the improper service of process without dismissing the action. *Lasky v. Lansford*, 76 F. App'x 240, 241 (10th Cir. 2003); *see also Pendleton v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-18-707-G, 2019 WL 4752269, at *2 (W.D. Okla. Sept. 30, 2019) (noting district courts can "quash[] the process without dismissing the action" on a Rule 12(b)(5) motion).

Here, there is no indication Plaintiff cannot properly serve these Defendants. *See* Doc. 22 at 1 n.1 (recognizing that "while Plaintiff's attempted service on the Defendants was insufficient and ineffective, it does not appear to be incurable"). Additionally, though Plaintiff did not respond to the Motion to Quash Service, the undersigned notes he was originally ordered to complete service not later than June 29, 2026, Doc. 12 at 1. Plaintiff promptly returned to the Clerk of Court the necessary service papers, Doc. 14, and service was purportedly effected by May 14, 2026, Doc. 18. Defendants filed their Motion to Quash Service on June 4, 2026—within Plaintiff's time period for completing service,

---

[2] Defendants also bring challenges under Rule 12(b)(4), Doc. 22 at 4, which the undersigned finds unnecessary to address given the recommendation to quash under Rule 12(b)(5).

Doc. 22. As such, the Court should quash the original service and allow Plaintiff an additional 60 days to effect proper service on Defendants West, Ward, Carter, and Burton.

**B. Defendant Canadian County, Oklahoma**

Plaintiff also purports to bring suit against Defendant Canadian County, Oklahoma. Doc. 6 at 6. Under Oklahoma state law, an action brought against a county must name the county's board of commissioners, rather than the county itself. Okla. Stat., tit. 19, § 4; *Moss v. Canadian Cnty. ex rel. Bd. of Cnty. Comm'rs*, No. CIV-22-127-SLP, 2026 WL 820926, at *5 (W.D. Okla. Mar. 25, 2026). Oklahoma courts strictly apply this requirement. *See, e.g., Bd. of Cnty. Comm'rs of the Cnty. of Okla. v. Weatherford*, 565 P.2d 35, 37 (Okla. 1977) (vacating award against county where it was improperly named as a party and remanding with directions to dismiss).

Plaintiff did not properly name the municipal entity he seeks to sue and, as such, has not met his burden of proving proper service upon Canadian County as a defendant in this action. Defendants request the Court quash service upon Defendant Canadian County. Doc. 22 at 4. But more fundamentally, Defendant Canadian County is not a proper entity for suit. *See* Okla. Stat., tit. 19, § 4; *Moss*, 2026 WL 820926, at *5; *Bd. of Cnty. Comm'rs of the Cnty. of Okla.*, 565 P.2d at 37. Therefore, service upon it is uncurable and it should be dismissed. *See Pell*, 711 F.2d at 950 n.2 ("The court nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted."); *El C Logan v. Okla. City Police Dep't*, No. CIV-22-1083-F, 2023 WL 2995905, at *4 (W.D. Okla. Apr. 18, 2023) ("Although the court may quash service of process rather than dismiss under Rule 12(b)(5), the court finds that dismissal is appropriate

given that the Oklahoma City Police Department is not a suable entity." (citation modified)).[3]

### C. Defendants' Motion to Deem Their Motion to Quash Service Confessed

Defendants have also filed a motion to deem the Motion to Quash Service confessed, Doc. 23, to which Plaintiff did not respond. The undersigned recommends denying the motion as moot.

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends the Court grant in part Defendants' Motion to Quash Service, Doc. 22, and quash the original service attempts on Defendants West, Ward, Carter, and Burton. The undersigned also recommends the Court allow Plaintiff an additional 60 days to effect proper service on these Defendants. The undersigned additionally recommends dismissing Defendant Canadian County. Further, the undersigned recommends denying as moot Defendants' Motion to Deem Their Motion to Quash Service Confessed, Doc. 23.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than October 13, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[3] Defendants also bring challenges under Rule 12(b)(4), Doc. 22 at 4, which the undersigned finds unnecessary to address given the recommendation to dismiss under Rule 12(b)(5).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE